# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

**Honorable  Patty Shwartz**                    **U.S. Post Office & Courthouse Bldg.**
**United States Magistrate Judge**              **Federal Square, Newark, NJ  07101**
                                                **(973) 645-6596**

February 6, 2007

## LETTER OPINION & ORDER

Jamal Satterfield, <u>pro se</u>
251 S. Dean Street
Englewood, NJ 07631

### RE: SATTERFIELD v. CITY OF ENGLEWOOD
### Civil Action No. 06-6037 (FSH)                

Dear Litigants:

The Court is in receipt of plaintiff Jamal Satterfield's request for appointment of <u>pro bono</u> counsel under 28 U.S.C. § 1915(e)(1), filed January 31, 2007.  For the reasons set forth below, the plaintiff's request is denied.

## BACKGROUND

On December 18, 2006, plaintiff filed a Complaint and an application to proceed <u>in forma pauperis</u> ["IFP"].  The plaintiff's request to proceed IFP was granted, his Complaint was filed, and he was permitted to pursue his claims, that on August 12, 2006, the defendants violated his civil rights by assaulting him, illegally searching him and filing false charges against him.  <u>See</u> Order, dated January 9, 2007 Compl. at ¶ 4.

On January 31, 2007, the plaintiff filed this application for the appointment of counsel. <u>See</u> Docket Entry No. 6.  In his application, plaintiff argues that he is entitled to counsel because: (1) he cannot afford an attorney; and (2) he is not knowledgeable about the law or civil procedure.  <u>See</u> App. for Counsel at ¶ 3.

## DISCUSSION

There is no constitutional or statutory right to appointed counsel for indigent civil litigants.  <u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 (3d Cir. 1997).  District courts have broad discretion in determining whether the appointment of counsel is appropriate.  28 U.S.C. § 1915

(c)(1); <u>Tabron v. Grace</u>, 6 F.3d 147, 153 (3d Cir. 1993).  In considering a request for appointment of counsel, the Court must first assess the threshold matter of  "...whether the claimant's case has some arguable merit in fact and law."  <u>Montgomery v. Pinchak</u>, 294 F.3d 492, 498-99 (3d Cir. 2002).  If the applicant satisfies this threshold requirement, then the Court should consider the following factors:

> (1) the plaintiff's ability to present his case;
> (2) the difficulty of the particular legal issues;
> (3) the degree to which factual investigations will be necessary and the ability of the plaintiff to pursue an investigation;
> (4) the extent to which a case is likely to turn on credibility determinations;
> (5) whether the case will require testimony from expert witnesses; and
> (6) the plaintiff's capacity to retain counsel on his own behalf.

<u>Tabron</u>, 6 F.3d at 156-57.  The decision to appoint counsel "must be made on a case-by-case basis."  <u>Id.</u>  Assuming for the purposes of this application that plaintiff's claims have merit, the Court must apply the <u>Tabron</u> factors to determine if appointed counsel is warranted.

First, the Court must consider whether or not the plaintiff has the ability to present his own case.  Generally, courts can consider the plaintiff's education, literacy, prior work experience, prior litigation experience, and the restraints placed upon the plaintiff by virtue of his confinement.  <u>Id.</u> at 156.  This also includes consideration of the availability of equipment such as typewriters, photocopiers, telephones and computers.  <u>Id.</u>  Here, the plaintiff does not contend that he lacks these resources.  Moreover, although the plaintiff was incarcerated when he filed his Complaint, he has been granted bail.  <u>See</u> letter dated December 27, 2006 [Docket Entry No. 2]. In addition, it appears the plaintiff is able to articulate his claims.  His submissions are coherent and understandable, which demonstrates that the plaintiff can express his claims and the factual basis for them.

The second factor for consideration is the complexity of the legal issues presented in the case.  The Third Circuit has explained that "where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis."  <u>Tabron,</u> 6 F.3d at 156 (citing to <u>Maclin v. Freake</u>, 650 F.2d 885, 889 (7th Cir. 1981)). Here, the plaintiff's claims do not present any complex legal issues.  Rather, they arise out of a well developed body of case law.  Moreover, the plaintiff's factual allegations are straightforward.  Therefore, plaintiff's case does not involve a level of complexity that requires representation by a lawyer.  Accordingly, this factor weighs against the appointment of counsel.

Third, as stated earlier, the plaintiff is no longer incarcerated and is able to conduct fact investigation using the discovery tools made available to him under the Federal Rules of Civil Procedure.  <u>Id.</u> (stating "[t]he court may...consider the extent to which prisoners and others suffering confinement may face problems in pursuing their claim [such as] where the claims are likely to require extensive discovery and compliance with complex discovery rules.").  Moreover, the plaintiff has not described any particular challenges to his ability to conduct discovery.  This factor, therefore, militates against appointment of counsel.

Fourth, the Court must consider whether or not a case is likely to turn on credibility determinations. Id. "[W]hen considering this factor, courts should determine whether the case was solely a swearing contest." See Parham, 126 F.3d at 460. At this early stage of the litigation, the extent to which this case will rest on credibility determinations is not yet apparent. Accordingly, this factor militates neither in favor nor against appointing counsel.

Fifth, the Court may appoint counsel where the case will require expert testimony. Tabron, 6 F.3d at 156. The plaintiff's claims and the damages he allegedly sustained would be understandable to a lay person without the assistance of an expert. Therefore, expert testimony is not essential to the plaintiff's ability to present his case. See, e.g., Montgomery, 294 F.3d at 504 (holding "expert testimony is necessary when the seriousness of the injury or illness would not be apparent to a lay person."). As such, this factor weighs against appointment of counsel.

Sixth, plaintiff's inability to afford counsel alone is an insufficient reason to appoint counsel. Although the plaintiff was granted in forma pauperis status, and has, therefore, been found to be unable to pay filing fees, Montgomery, 294 F.3d at 505; Parham, 126 F.3 at 461, and while indigence is a prerequisite for the appointment of counsel, indigency alone does not warrant the appointment of counsel absent satisfying the other Tabron factors. Moreover, the plaintiff has not described any attempt to retain counsel on his own. Thus, appointment of counsel is not appropriate at this time.

## CONCLUSION

For the foregoing reasons, the Court denies plaintiff's application for the appointment of pro bono counsel.

**SO ORDERED.**

s/Patty Shwartz
United States Magistrate Judge