UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMAL SATTERFIELD** : | |
|     **Plaintiff** : | |
| : | |
| v. : | Civil Action No. 06-6037(FSH) |
| : | |
| **CITY OF ENGLEWOOD, et al.** : | **REPORT & RECOMMENDATION** |
| : | |
|     **Defendants** : | |

    This matter having come before the Court as a result of the Order dated March 10, 2008, directing that, "no later than **March 25, 2008,** the plaintiff shall submit a letter that shows cause why the Court should not impose sanctions, including a recommendation to the United States District Judge that Her Honor dismiss the Complaint, for his failure to respond to discovery. Failure to respond will result in a recommendation that the Complaint be dismissed," Docket No. 22;

    and the Court having received no response from the plaintiff;

    and the Court having been advised by way of letter dated January 10, 2008, that the plaintiff has failed to respond to the discovery served upon him, Docket No. 19;

    and the Court having entered an Order, dated January 10, 2008, that set February 25, 2008 as the deadline for the plaintiff to provide discovery and directing the defendant to advise the Court if the plaintiff failed to provide his responses and ask the Court to issue an Order directing him to show cause why sanctions should not be imposed under Fed. R. Civ. P. 37 for his failure to respond to discovery;

    and the defendants having represented that they have attempted to serve discovery on the plaintiff and provide copies of discovery to the plaintiff and that the plaintiff has failed to provide discovery, see Letter of Lori Dvorak, dated March 10, 2008; Letter of Lori Dvorak, dated March

27, 2008;

and it appearing that defendant's efforts to mail materials to the plaintiff included certified mail, which were returned to the defendants because it was unclaimed, id.;

and there being nothing on the docket reflecting that the plaintiff did not receive documents from the Court that were sent to the same address;

and there being no indication on the docket that the plaintiff has provided a new address;

and the plaintiff having been specifically advised that his failure to submit a written response to the March 10, 2008 Order will result in a recommendation to the United States District Judge that Her Honor dismiss the Complaint;

and it appearing that the plaintiff has neither provided a response to the March 10, 2008 Order nor provided responses to the discovery served upon him;

and the Undersigned hereby recommending that the United States District Judge dismiss the Complaint pursuant to Fed. R. Civ. P. 37;[1]

---

[1] In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth six factors that must be considered to determine whether the sanction of dismissal is appropriate. The Poulis factors are: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) a history of dilatoriness, (4) whether the attorney's conduct was willful or in bad faith, (5) alternative sanctions, and (6) the meritoriousness of the claim or defense. Id. at 868. While not all of these factors are applicable in this case, consideration of those which do apply provide a framework for determining whether or not dismissal is appropriate.

As more fully set forth herein, the record in this case demonstrates that noncompliance with orders have been the fault of the plaintiff himself. While the Court recognizes that the plaintiff is a pro se litigant, the plaintiff is still personally responsible for these proceedings and the consequences of his inaction. Here, the plaintiff has been provided with discovery demands and a deadline to provide a response. The Order imposing the deadline clearly advised him that failure to comply may result in sanctions and provided the defendants with an opportunity to seek an Order directing the plaintiff to show cause why sanctions should not be imposed if he failed to provide responses to the discovery served upon him. Order, dated January 10, 2008, at ¶¶ 1(a) and 12. Thus, he has been on notice of his obligations and the consequences of noncompliance. When the Court was advised that he had failed to provide responses to discovery by the deadline

and for good cause shown,

IT IS on this 28th day of March, 2008

RECOMMENDED that United States District Judge dismiss the Complaint pursuant to Fed. R. Civ. P. 37.  The parties have ten (10) days from receipt of this Recommendation to file and serve objections; and

IT IS FURTHER ORDERED that defense counsel shall serve a copy of this Report and Recommendation upon the plaintiff by regular mail and certified mail/return receipt requested.

                                              s/Patty Shwartz
                                              United States Magistrate Judge

---

set forth in the January 10, 2008 Order, it issued the March 10, 2008 Order, which gave plaintiff an opportunity to explain why sanctions should not be imposed and notified him that his failure to respond would result in a recommendation that his complaint be dismissed.  He failed to respond.

His failure to respond violates the Court's Order.  Furthermore, his nonresponsiveness to the discovery demands prejudices the defendants   Without the facts from the plaintiff, the defendants are unable to fully investigate the plaintiff's claims and defend against them.

Finally, there are no sanctions short of dismissal to address the conduct.  The plaintiff is proceeding in forma pauperis and, as a result, a monetary sanction may not be effective because he may lack the means to pay.  Furthermore, the nature of the conduct has impeded the defendants' ability to defend the action and dismissal is the sanction that best fits the consequence of the noncompliance.  This conclusion is reached, however, without any finding as to whether or not meritorious defenses exist but simply takes note that if a plaintiff brings an action, the defendants have a right to probe the basis for same and when the plaintiff fails to provide discovery, he interferes with this process and in effect obstructs the litigation process.  This conduct not only effects that defendants but also impedes the Court's ability to assist all parties in received a fair and just trial.

Based upon the apparent willful abandonment of his suit and the prejudice to the defendants, the Court concludes that dismissal is the only sanction that is appropriate.